## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD SCARANTINO, Individually and On Behalf of All Others Similarly Situated, Milton, Pennsylvania 17847 | ) ) ) |
| | ) Case No. _____ |
| Plaintiff, | ) ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) ) |
| | ) <u>CLASS ACTION</u> |
| OSIRIS THERAPEUTICS, INC.<br>7015 Albert Einstein Dr.<br>Columbia, MD 21046 | ) ) ) ) |
| PETER FRIEDLI<br>7015 Albert Einstein Dr.<br>Columbia, MD 21046 | ) ) ) ) |
| THOMAS KNAPP<br>7015 Albert Einstein Dr.<br>Columbia, MD 21046 | ) ) ) ) |
| WILLI MIESCH<br>7015 Albert Einstein Dr.<br>Columbia, MD 21046 | ) ) ) ) |
| CHARLES A. REINHART, III<br>7015 Albert Einstein Dr.<br>Columbia, MD 21046 | ) ) ) ) |
| SMITH & NEPHEW PLC<br>15 Adam Street<br>London<br>WC2N 6LA<br>UK | ) ) ) ) ) ) |
| SMITH & NEPHEW CONSOLIDATED, INC.,<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | ) ) ) ) ) ) |
| and | ) ) |
| PAPYRUS ACQUISITION CORP.<br>2405 York Road | ) ) |

SUITE 201                                         )
LUTHERVILLE TIMONIUM, MD 21093-2264               )
                                                  )
                          Defendants.             )
                                                  )

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on March 12, 2019 (the "Proposed Transaction"), pursuant to which Osiris Therapeutics, Inc. ("Osiris" or the "Company") will be acquired by Smith & Nephew plc ("Parent Holdco"), Smith & Nephew Consolidated, Inc. ("Parent"), and Papyrus Acquisition Corp. ("Merger Sub," and together with Parent Holdco and Parent, "Smith & Nephew").

2.      On March 12, 2019, Osiris's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Smith & Nephew.  Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of Osiris's outstanding common stock for $19.00 per share in cash.  The Tender Offer is set to expire on April 17, 2019.

3.      On March 20, 2019, defendants filed a Solicitation/Recommendation Statement

(the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Osiris common stock.

9.      Defendant Osiris is a Maryland corporation and maintains its principal executive offices at 7015 Albert Einstein Drive, Columbia, Maryland 21046.  Osiris's common stock is

traded on the NASDAQ Global Market under the ticker symbol "OSIR."  Osiris is a party to the Merger Agreement.

10.     Defendant Peter Friedli is Chairman of the Board of the Company.

11.     Defendant Thomas Knapp is a director of the Company.

12.     Defendant Willi Miesch is a director of the Company.

13.     Defendant Charles A. Reinhart, III is a director of the Company.

14.     The defendants identified in paragraphs 10 through 13 are collectively referred to herein as the "Individual Defendants."

15.     Defendant Parent Holdco is an English public limited company and a party to the Merger Agreement.

16.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

17.     Defendant Merger Sub is a Maryland corporation, an indirect subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Osiris (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19.     This action is properly maintainable as a class action.

20.     The Class is so numerous that joinder of all members is impracticable.  As of March 8, 2019, there were approximately 34,528,289 shares of Osiris common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21.     Questions of law and fact are common to the Class, including, among others,

whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

25.     Osiris, based in Columbia, Maryland, together with its wholly-owned subsidiary, Osiris Therapeutics International GmbH, researches, develops, manufactures, and commercializes regenerative medicine products intended to improve the health and lives of patients and lower overall healthcare costs.

26.     Osiris has achieved commercial success with products in wound care,

orthopedics, and sports medicine, including the Grafix product line, Stravix, BIO4, and Cartiform.

27.     Osiris continues to advance its research and development by focusing on innovation in regenerative medicine, including the development of bioengineered stem cell and tissue-based products.

28.     Osiris, Osiris and design, Grafix, Grafix CORE, Grafix PRIME, Grafix XC, GrafixPL, Stravix, Cartiform, and TruSkin are the Company's trademarks, many of which are federally-registered trademarks in the United States.   The trademark registration applications for GrafixPL PRIME and Prestige Lyotechnology are currently pending in the United States.   BIO4 is a trademark of Howmedica Osteonics Corp., a subsidiary of Stryker Corporation.

29.     On March 12, 2019, Osiris's Board caused the Company to enter into the Merger Agreement with Smith & Nephew.

30.     Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Osiris's outstanding common stock for $19.00 per share in cash.

31.     According to the press release announcing the Proposed Transaction:

Osiris Therapeutics, Inc. (NASDAQ: OSIR), a regenerative medicine company focused on developing and marketing products for wound care, orthopedics, and sports medicine, today announced that it has entered into an agreement and plan of merger with Smith & Nephew plc pursuant to which Smith & Nephew will acquire Osiris for $19.00 per share in cash, a total of approximately $660.5 million in cash. This offer represents a 37% premium to the company's 90-day volume-weighted average stock price. The transaction was unanimously approved by the Boards of Directors of both companies. . . .

Completion of the transaction is expected in the second quarter of 2019, pending the successful completion of the tender offer and all other closing conditions. Osiris' employees are expected to join Smith & Nephew on completion. Until that time, Osiris will continue to operate as a separate and independent company.

Cantor Fitzgerald & Co. rendered a fairness opinion to the Board of Directors of Osiris in connection with the transaction. Hogan Lovells US LLP is acting as legal counsel for Osiris.

Transaction Details
Under the terms of the agreement and plan of merger, Smith & Nephew has formed an acquisition subsidiary, Papyrus Acquisition Corp. ("Purchaser"), that will commence a tender offer no later than April 2, 2019 to purchase all outstanding shares of Osiris for $19.00 per share in cash, and Osiris will file a recommendation statement containing the unanimous recommendation of the Osiris Board that Osiris stockholders tender their shares to Smith & Nephew. Following the completion of the tender offer, Smith & Nephew expects to promptly consummate a merger of Purchaser and Osiris in which shares of Osiris that have not been purchased in the tender offer will be converted into the right to receive the same cash price per share as paid in the tender offer.

The tender offer and the merger are subject to customary closing conditions, including the tender of at least a majority of the outstanding Osiris shares on a fully diluted basis and the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act. The merger agreement includes customary termination provisions for both Osiris and Smith & Nephew, including a right for either party to terminate if the transactions have not been completed by December 12, 2019.

The merger agreement provides that, in connection with the termination of the merger agreement under specified circumstances, including termination by Osiris to accept a superior proposal, Osiris will be required to pay to Smith & Nephew a fee equal to $18,682,450.

### *The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

32.     Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

33.     As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

34.     The Solicitation Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Cantor Fitzgerald & Co. ("Cantor").

35.     With respect to the Company's financial projections, the Solicitation Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA; (ii) all line items used to calculate free cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

36.     With respect to Cantor's Selected Publicly Traded Companies Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the companies observed by Cantor in the analysis.

37.     With respect to Cantor's Selected Precedent Transactions Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Cantor in the analysis.

38.     With respect to Cantor's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the standalone unlevered, after-tax free cash flows used by Cantor in the analysis and all underlying line items; (ii) the terminal value of the Company; (iii) Cantor's basis for applying a range of selected terminal revenue multiples of 3.0x to 4.0x; and (iv) the individual inputs and assumptions underlying the discount rate range of 10.5% to 12.5%.

39.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40.     The Solicitation Statement also fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive"

provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

41.     Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

42.     The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

43.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## <u>COUNT I</u>

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45.     Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

46.     Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

47.     The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

48.     The Solicitation Statement misrepresented and/or omitted material facts in

connection with the Proposed Transaction as set forth above.

49.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

50.     The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

51.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

52.     By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

53.     Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

54.     Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

55.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56.     Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

57.     Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to

in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

58.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

59.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

60.     The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

61.     Plaintiff and the Class have no adequate remedy at law.

### COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Smith & Nephew)**

62.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63.     The Individual Defendants and Smith & Nephew acted as controlling persons of Osiris within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as directors of Osiris and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64.     Each of the Individual Defendants and Smith & Nephew was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly connected with and involved in the making of the Solicitation Statement.

66.     Smith & Nephew also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

67.     By virtue of the foregoing, the Individual Defendants and Smith & Nephew violated Section 20(a) of the 1934 Act.

68.     As set forth above, the Individual Defendants and Smith & Nephew had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section

20(a) of the 1934 Act.

69.     As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

70.     Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.      Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: March 25, 2019

**GOLDMAN & MINTON, P.C.**

By:     *Thomas J. Minton*
Thomas J. Minton (Bar No. 03370)
3600 Clipper Mill Road, Suite 201
Baltimore, MD 21211
(410) 783-7575
tminton@charmcitylegal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800